UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ERIC DAVID MORROW,<br><br>Plaintiff,<br><br>v.<br><br>NORTON LIFE-LOCK, et al.,<br><br>Defendants. | CAUSE NO. 4:25-CV-45-JD-SJF |

OPINION AND ORDER

Eric David Morrow, a prisoner without counsel, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Morrow is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Morrow is a detainee at the Tippecanoe County Jail. He sues Norton Life-Lock, American Express, and AIG Insurance. His complaint is quite difficult to follow. He appears to claim Norton Life-Lock, a company that performs credit monitoring, engaged in "criminal conversion" in processing a criminal bond related to him. He

further claims that American Express "authorized several corporate business cards that were not authorized by the president business owner," and that AIG Insurance processed claims "by unauthorized person other than the main claimant." He includes other phrases with unclear meaning, such as "Edove is Registered w/Google and the Oval Office," and "Sale Accumulation Revenues Into the Hundreds of Thousands to Millions." When asked to specify what relief he is seeking, he states: "Resolve any and all legal allegations civilly w/no retaliation; and or unjust means and ways pertaining to corporation disclosure violations w[h]ereof[.]"

Morrow is suing three private companies, and there is no plausible basis to infer that they were acting "under color of state law" in connection with these events, a threshold requirement for proceeding with a claim under 42 U.S.C. § 1983. *See Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 480 (7th Cir. 2024); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829 (7th Cir. 2009). If he is trying to assert state law claims against the companies, there is no apparent basis for him to proceed with such claims in federal court.[1] To the extent he is trying to initiate federal criminal charges against any defendant, he has no authority to do so as a private citizen. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v.*

[1] If he is trying to invoke the court's diversity jurisdiction, it is his obligation to provide information showing a basis for jurisdiction, and he has not done so. *See Downs v. IndyMac Mortg. Servs., FSB*, 560 F. App'x 589, 591 (7th Cir. 2014) ("[E]ven pro se litigants must follow the requirements of complete diversity in federal court and identify the citizenship of each of the parties."). There is also no plausible basis to infer Morrow personally incurred damages in excess of $75,000 in connection with these events. *See* 28 U.S.C. § 1332(a).

*Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) (observing that federal criminal prosecution is "an executive function within the exclusive prerogative of the Attorney General"). The court notes that public records reflect Morrow has prior convictions for identity deception, counterfeiting, and forgery.[2] *See State of Indiana v. Morrow,* No. 79D05-1204-FD-000188 (Tippecanoe Sup. Ct. closed Apr. 12, 2012); *State of Indiana v. Morrow,* No. 79D02-9803-CF-000030 (Tippecanoe Sup. Ct. closed Mar. 6, 1998). If he is trying to challenge the factual underpinnings of these convictions, he cannot do so in a federal civil rights lawsuit. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973). His allegations do not state a plausible claim for relief.

Ordinarily, the court should afford an unrepresented litigant an opportunity to cure defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). That does not mean leave to amend must always be given. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* Based on the nature of his allegations, the court finds no basis to conclude that if given another opportunity, Morrow could state a viable federal claim against these private companies. Permitting him to amend would be futile.

---

[2] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

For these reasons, the court DISMISSES this action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and DIRECTS the clerk to close the case.

SO ORDERED on November 5, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT